```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

LISA T. LEBLANC, ET AL.                    CIVIL ACTION

VERSUS                                     NO: 12-2059 C/W
                                           12-2246, 12-2354,
                                           12-2363, 12-2611

TEXAS BRINE, LLC                           SECTION: "A" (4)
```

## ORDER AND REASONS
### [REF: 12-2246, Cedotal Plaintiffs]
### [REF: 12-2611, LaBarre Plaintiffs]

Before the Court is a **Motion to Remand (Rec. Doc. 16)** filed by plaintiffs Betty Cedotal, Trinity Guillot individually and on behalf of Slade Guillot, and Charlotte Hebert (collectively "Plaintiffs" or "the Cedotal Plaintiffs") in Civil Action 12-2246.  Defendants Texas Brine Co., LLC and Occidental Chemical Corp. oppose the motion.  The motion, scheduled for submission on January 30, 2013,[1] is before the Court on the briefs without oral argument.

Before the Court is a **Motion to Remand (Rec. Doc. 63)** filed by plaintiffs Gustave J. LaBarre, Jr., et al. (collectively

---

[1] The Cedotal Plaintiffs' motion to remand was originally noticed for submission on November 7, 2012, but the Court held off ruling on the motion because some of the issues presented were also pertinent to the other consolidated cases. (Rec. Doc. 73, Minute Entry dated 1/7/13, at 3 n.3).  On January 17, 2013, the Plaintiffs' Steering Committee informed the Court that the Cedotal Plaintiffs did not wish to voluntarily dismiss their claims against the non-diverse defendant(s), and that the Court should proceed to act on their motion to remand.  All interested parties have now filed their memoranda pertaining to the Cedotal motion.

"Plaintiffs" or "the LaBarre Plaintiffs") in Civil Action 12-2611. Defendants have responded to the motion. The motion, scheduled for submission on February 27, 2013,[2] is before the Court on the briefs without oral argument.

I.   **BACKGROUND**

   ***Betty Cedotal v. Texas Brine Co., LLC, 12-2246***

   Plaintiffs filed this putative class action in the 23rd Judicial District Court, Assumption Parish, alleging damages resulting from the development of a "sinkhole" on property belonging to and/or under the control of Texas Brine Co., LLC near the hamlet of Bayou Corne in Assumption Parish, Louisiana. (Rec. Doc. 16-1, Plaintiffs' Memo in Support at 2). Plaintiffs claim that they have suffered personal injuries, emotional damages, evacuation expenses, and property damages. The Cedotal Plaintiffs seek to represent a class of similarly situated individuals consisting of "those persons in or near the community of Bayou Corne, Assumption Parish, Louisiana, who sustained compensable damages from the fault of the defendant(s)" as specified in the petition. (Rec. Doc. 1-4, Original Petition ¶ 21). The parties estimate the size of the class to be at least

---

[2] The LaBarre Plaintiffs' motion to remand was originally noticed for submission on January 16, 2013, but the motion was reset for late February during the January 7, 2013, status conference. (Rec. Doc. 73, Minute Entry).

150 members.[3]

Three defendants are named in the Cedotal Plaintiffs' case: Texas Brine Co., LLC, Occidental Chemical Corp., and Miller Engineers & Associates, LLC. Plaintiffs allege that Miller Engineers "participated in the development and/or design implementation of the salt cavern for production." (Rec. Doc. 1-4, Amended Petition ¶ 12(b)). Miller Engineers ("Miller") is a citizen of Louisiana so its presence in the lawsuit potentially destroys diversity jurisdiction because Plaintiffs are also citizens of Louisiana. Moreover, Plaintiffs specifically alleged that their claims were less than the requisite amount required to confer federal diversity jurisdiction, at least as of the time that they filed the Original Petition (August 6, 2012). (Rec. Doc. 1-4, Original Petition ¶ 20).

Texas Brine removed the Cedotal case to this Court alleging original subject matter jurisdiction based on diversity of citizenship (28 U.S.C. § 1332(a)). Texas Brine alleged that Plaintiffs improperly joined Miller and that the jurisdictional amount is met in this case. Texas Brine also alleged original subject matter jurisdiction pursuant to the Class Action Fairness

---

[3] Plaintiffs characterize the class as 150 *members* living in the evacuation zone. (Rec. Doc. 16-1, Memo in Support, at 8), while Texas Brine refers to 150 *homes* having been evacuated in the area (Rec. Doc. 1 ¶ 29; Rec. Doc. 22, at 2 n.1). If 150 homes are involved, one can reasonably assume that multiple plaintiffs live in each home, thereby making the class size much larger than 150 members.

Act ("CAFA") (28 U.S.C. § 1332(d)).  Occidental Chemical consented to the removal.  (Rec. Doc. 1-3).

The Cedotal Plaintiffs now move to remand the case to state court.  Plaintiffs argue that diversity jurisdiction is lacking because Miller is not improperly joined and because the allegations in the state court petition do not suggest that any individual plaintiff's claim will satisfy the jurisdictional threshold, even when attorney's fees are considered.  Plaintiffs also argue that the CAFA does not confer jurisdiction because the amount in controversy does not meet the $5,000,000.00 requirement.

### *Gustave J. LaBarre v. Texas Brine Co., LLC, 12-2611*

The Labarre Plaintiffs filed their petition in the 23rd Judicial District Court, Assumption Parish.  Fifty-eight individual plaintiffs joined their various claims when filing suit.  The 58 named plaintiffs comprise three groups:  the LaBarre Plaintiffs, the Triche Plaintiffs, and the Dugas & Leblanc Plaintiffs.  Plaintiffs are making claims against three groups of defendants:  the Exploration and Production Defendants, the Texas Brine Defendants, and the Louisiana Defendants ("LDNR").  Plaintiffs allege that the historical oil and gas exploration and production activities of the Exploration and Production Defendants damaged their property, that the salt mining operations of the Texas Brine Defendants damaged their

4

property, and that the LDNR acted in a negligent manner so as to damage Plaintiffs' property.

Texas Brine removed the LaBarre matter to this Court alleging original subject matter jurisdiction based on diversity of citizenship (28 U.S.C. § 1332(a)).  Numerous parties present obstacles to the Court's ability to exercise diversity jurisdiction of the LaBarre case but Texas Brine contends that the LaBarre Plaintiffs have improperly joined various defendants as well as plaintiffs.  The LaBarre case is not a class action so jurisdiction under the CAFA is not available for the LaBarre case.

The LaBarre Plaintiffs now move to remand the case to state court.  Plaintiffs argue *inter alia* that there is no diversity jurisdiction because all of the parties and claims were properly joined in the original state court case.

## II.  **DISCUSSION**

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper.  <u>In re North American Philips Corp.</u>, 1991 WL 40259, at *2 (5th Cir. 1991).  In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law.  <u>Id.</u>  Any doubt regarding whether removal jurisdiction is proper should be resolved against

federal jurisdiction and in favor of remand.  <u>Acuna v. Brown & Root, Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000) (<u>citing</u> <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir.1988)).

The district courts of the United States are "courts of limited jurisdiction."  <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 125 S. Ct. 2611, 2616-17 (2005) (<u>quoting</u> <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994)).  Subject matter jurisdiction can never be forfeited or waived.  <u>Arbaugh v. Y & H Corp.</u>, No. 04-944, slip op. at 12 (Feb. 22, 2006) (<u>quoting</u> <u>United States v. Cotton</u>, 535 U.S. 625, 630 (2002)).  Courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from a party.  <u>Id.</u> (<u>citing</u> <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 583 (1999)).  The burden of establishing subject matter jurisdiction in federal court rests with the party seeking to invoke it.  <u>St. Paul Reinsur. Co. v. Greenberg</u>, 134 F.3d 1250, 1253 (5th Cir. 1998) (<u>citing</u> <u>Gaitor v. Penninsular & Occidental Steamship Co.</u>, 287 F.2d 252, 253-54 (5th Cir. 1961)).

### *Betty Cedotal v. Texas Brine Co., LLC, 12-2246*

The Cedotal case was removed based on diversity jurisdiction and CAFA jurisdiction.  The Cedotal Plaintiffs contend that diversity jurisdiction does not exist because Defendants cannot establish that Miller has been improperly joined and Defendants cannot establish that any individual plaintiff's claim will

satisfy the jurisdictional threshold, even when attorney's fees are considered.  Plaintiffs argue that the CAFA does not confer jurisdiction because the amount in controversy does not meet the $5,000,000.00 requirement.

### 1. *Diversity Jurisdiction*

#### a. *Miller Engineers*

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. Kennedy Lloyds, 181 F.3d 694, 698 (5th Cir. 1999)).  Defendants do not allege actual fraud in the pleadings so only the second method of establishing improper joinder is at issue in the Cedotal case.

The test for the second category of fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.  Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004) (citing Travis, 326 F.3d at 648).  Stated differently, this requires that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  Id.

A court may resolve the question of whether the plaintiff has a reasonable basis for recovery under state law in one of two

ways.  The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations in the complaint to determine whether the complaint states a claim under state law against the in-state defendants.  Smallwood, 385 F.3d at 573 (citing McKee v. Kansas City S. Ry., 358 F.3d 329, 334 (5th Cir. 2004)).  Ordinarily if the plaintiff can survive a Rule 12(b)(6) challenge then there is no improper joinder.  Id.

Where a plaintiff appears to state a claim but has perhaps misstated or omitted discrete facts that would determine the propriety of joinder, the district court may in its discretion pierce the pleadings and conduct a summary inquiry.  Smallwood, 385 F.3d at 573 (citing Badon v. RJR Nabisco, Inc., 236 F.3d 282, 389 n.10 (5th Cir. 2000)).  A summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery against the in-state defendant.  Id. (citing Irby, 326 F.3d at 648-49).  But any piercing of the pleadings should not entail substantial hearings.  Id.  Attempting to proceed beyond a summary process, particularly one that involves discovery, carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits.  Id.  Indeed, the inability to make the requisite decision in a summary manner itself points to the inability of the removing party to carry its burden.  Id.

Miller Engineers is a Louisiana company that Texas Brine

retained for land surveying services related to elevation. (Rec. Doc. 1-2, Martin Affidavit, Exhibit 1 to Notice of Removal). The Cedotal Plaintiffs allege that Miller participated in the development and/or design implementation of the salt cavern for production. (Rec. Doc. 1-4, First Supp. & Amend. Petition at ¶ 12(b)). According to the Cedotal Plaintiffs, Miller could be liable if it failed to recognize and/or failed to warn of subsidence in the days, months, and years leading up to the sinkhole that would demonstrate surface instability. (Rec. Doc. 16-1, Memo in Support at 6).

Defendants contend that the Cedotal Plaintiffs' allegations are too conclusory to survive a claim of improper joinder, and that Plaintiffs have not presented sufficient factual evidence to create a genuine dispute as to whether Miller breached a duty that it personally owed to Plaintiffs. (Rec. Doc. 22, Texas Brine Memo at 7). But Defendants' mere invocation of improper joinder does not place an evidentiary burden of production on Plaintiffs to prove their case against the in-state defendant. Plaintiffs have not had the benefit of discovery so they cannot possibly be expected to counter evidence like the Martin affidavit that Texas Brine submitted. In <u>Smallwood</u>, the Fifth Circuit explained the very limited purpose for which the court can consider evidence outside of the pleadings for purposes of resolving an improper joinder allegation. <u>Smallwood</u> makes clear

9

that the Court cannot in essence grant summary judgment in favor of a party by resolving the merits. Thus, the Court cannot properly consider whether Plaintiffs will ultimately prevail on their burden of persuasion as to any fault by Miller.

The Court can, however, consider issues of pure law that may affect the plaintiff's ability to recover against a non-diverse defendant. Under Louisiana law a threshold question that must be addressed when considering the possibility of tort liability is whether the defendant owed a duty to the plaintiff. See Pitre v. Opelousas Gen. Hosp., 530 So. 2d 1151, 1155 (La. 1988). In other words, given the relationship and circumstances of the parties, does the law impose on the defendant a duty of reasonable conduct for the benefit of the plaintiff? Id. Defendants contend that under Louisiana law Miller owed no duty to Plaintiffs so as to allow them to recover for any contributing fault by Miller, even if any fault is actually proved.

To be sure, Plaintiffs' ability to recover from Miller is extremely limited under Louisiana law because generally Miller will have owed no duty to Plaintiffs to warn them of problems in Assumption Parish. See, e.g., Smith v. State Farm Ins. Co., 869 So. 2d 909, 913 (La. App. 4th Cir. 2004); Lemaire v. Breaux, 788 So. 2d 498, 503 (La. App. 5th Cir. 2001). And Plaintiffs were not parties to the contract between Texas Brine and Miller so they likely lack standing to claim damages from any warnings that

Miller might have failed to give to Texas Brine. But even legal questions like duty and standing are driven by the facts and because of the status of discovery the facts as to Miller's involvement in the case are sparse. But the lack of discovery does not inure to the removing Defendants' benefit for purposes of the improper joinder analysis. The standard for improper joinder requires Defendants to establish that Plaintiffs have *no* possibility of recovery against Miller--mere proof that the possibility of recovery is remote or even unlikely will not suffice for the Court to ignore Miller's presence in the case and exercise diversity jurisdiction. The Court is persuaded that Defendants have failed to establish that Plaintiffs have improperly joined Miller. Miller's presence in the lawsuit destroys complete diversity and the Court cannot exercise diversity jurisdiction over the Cedotal case.

### b.  *Amount in Controversy*

The question of whether at least one plaintiff's claim exceeds $75,000.00, see Exxon Mobil, 545 U.S. at 559, is now moot because complete diversity of citizenship is lacking.

### *2.  Class Action Fairness Act*

Because diversity jurisdiction does not exist, the Court's ability to exercise subject matter jurisdiction over the Cedotal complaint turns on whether CAFA applies. Moreover, all of the other consolidated cases (with the exception of the LaBarre

complaint discussed below) allege subject matter jurisdiction under CAFA.  None of the parties to the LeBlanc (12-2059), Hill (12-2363), and Alleman (12-2363) cases have challenged subject matter jurisdiction under CAFA but the Court is nevertheless obliged to *sua sponte* examine whether it has subject matter jurisdiction over the other consolidated complaints.

CAFA gives the district courts original jurisdiction over any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2)(A).  The claims of the individual class members shall be aggregated to determine whether the amount in controversy requirement is satisfied.  Id. § 1332(d)(6).  The term "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state rule authorizing an action to be brought on a representative basis.  Id. § 1332(d)(1)(B).  CAFA jurisdiction, where appropriate, applies to any class action before or after the entry of a class certification order.  Id. § 1332(d)(8).

In this case, it is undisputed that the Cedotal case is a class action as defined by CAFA.  Further, the minimum diversity requirement of CAFA is satisfied because Texas Brine is a citizen of Texas, diverse in citizenship from any one of the several

Louisiana plaintiffs.  The sole dispute with respect to jurisdiction under CAFA is the amount in controversy requirement.[4]  The Cedotal Plaintiffs contend that Defendants cannot satisfy their burden of establishing that the amount in controversy exceeds $5,000,000, particularly as of the time of removal.  (Rec. Doc. 16-1, Memo in Support at 10).  Plaintiffs argue that they have not alleged sufficient facts upon which to conclude that the amount in controversy is facially apparent from the petition.  Plaintiffs point out that the petition is wholly lacking as to any allegations of severe injuries.  Plaintiffs also dispute the "analogous" cases that Defendants have cited in support of their argument that the amount in controversy for this case exceeds $5,000,000.

In Luckett v. Delta Airlines, Inc., the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed.  171 F.3d 295, 298 (5th Cir. 1999).  In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  Id. (citing De Aguilar v. Boeing Co., 11 F.3d

---

[4] Plaintiffs have not invoked any of the statutory exceptions to CAFA jurisdiction.

55, 58 (5th Cir. 1993)).  As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above [the jurisdictional amount], or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

Id. (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

If the Court were required to limit its analysis solely to the face of the Cedotal petition then the Court might agree that it is not facially apparent from the petition that the amount in controversy exceeds $5,000,000.  The Cedotal petition is quite sparse as to any factual allegations explaining the severity and scope of the damages sought.  But such reticence is not surprising because in Louisiana a plaintiff receives all relief to which he is entitled even if he has not demanded it in his pleading, La. Code Civ. Pro. 862, and over pleading his case only serves to help the defendant meet its burden of proof as to the amount in controversy.

In Frazier v. Pioneer Americas, LLC, the Fifth Circuit concluded that it was facially apparent from the petition filed in that case that the amount in controversy exceeded $5,000,000.  455 F.3d 542, 545 (5th Cir. 2006).  Frazier dealt with exposure to unacceptable levels of mercury for a two month period by a class of about 500 members.  The petition in Frazier did not

14

detail any specific personal injuries sustained by any specific plaintiffs, but mercury was alleged to be particularly harmful so the Fifth Circuit accepted the characterization of the plaintiffs' potential injuries as "severe."  Frazier, 455 F.3d at 545.

The Cedotal petition does not allege the particular substances involved so they might not be as noxious as mercury, even though the substances involved were sufficient to cause a strong odor that burned noses and eyes.  (Rec. Doc. 1-4, Petition ¶ 6).  Also, the class alleged in Cedotal is not as large as the 500 member class in Frazier, but even though the Cedotal class is smaller than the Frazier class, the class damages in Cedotal are undisputedly damages that are ongoing and will seemingly continue to accrue for an indefinite amount of time.  Moreover, the property damage aspects of the case may implicate a permanent and total loss of the property involved.  Thus, under Fifth Circuit standards, the Cedotal petition may or may not present a facially apparent case of subject matter jurisdiction..

Of course, the law in this circuit as explained in Luckett, does not limit the Court's analysis to the face of the Cedotal petition because the removing defendant can use the notice of removal to expound upon the facts that support the jurisdictional amount.  Texas Brine has alleged some additional facts, such as the fact that weekly housing checks have been issued to the class

members.  (Rec. Doc. 1, Ntc. Rem. ¶ 29).  But Texas Brine has also relied heavily on analogous cases in quantum study fashion to demonstrate that the amount in controversy in this case exceeds $5,000,000.  (Id. ¶ 22).  But heavy reliance on the quantum of recovery in other reported cases is not likely to suffice.  See Berniard v. Dow Chem. Co., 481 Fed. Appx. 859, 863 (5th Cir. 2010) (unpublished).

The Court is nonetheless persuaded that the jurisdictional threshold for CAFA has been demonstrated in Cedotal, as well as in the consolidated cases.  Even though consolidation cannot be used to impute jurisdiction from one case to another, see In re Excel Corp., 106 F.3d 1197 (5th Cir. 1997); McKenzie v. United States, 678 F.2d 571, 574 (5th Cir. 1982) ("[C]onsolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other."), the Court is persuaded that it can take judicial notice of the facts alleged in the consolidated cases because those class action complaints/petitions overlap factually with the Cedotal class action and involve the same parties, and the other cases serve to clarify the scope of damages implicated by the class that the Cedotal Plaintiffs seek to represent.

Even though the class size involved is not particularly large when compared to other classes, these cases do not involve

16

a quickly controlled and temporary exposure to harmless substances.  The allegations are that surface bubbling was observed prior to August 3, 2012, when a mandatory evacuation was ordered.  The damages to the plaintiff class continue to accrue indefinitely because many cannot safely return to their homes and businesses and it is unclear when they will be able to do so.  For some members of the class their property may be a total loss.  There are allegations that radioactive materials might have been stored in the cavern.  (12-2354, Hill Complaint ¶ 10).  The damages sought by the class members run the gamut from medical monitoring, business interruption, lost wages, property damage, evacuation expenses, property remediation, emotional injury, and economic damages associated with mortgage obligations.  Again, these damages began to accrue at the latest in August of 2012 and they continue to accrue as of this writing.  The Court is persuaded that in light of the ongoing and continuous nature of the damages, as well as the extremely broad scope of damages sought by the class, the amount in controversy for the class that the Cedotal Plaintiffs want to represent, as well as the plaintiffs in LeBlanc, Hill, and Alleman, exceeds $5,000,000.

   The Cedotal Plaintiffs' motion to remand is therefore DENIED.

   ***Gustave J. LaBarre v. Texas Brine Co., LLC, 12-2611***

   For the reasons explained in the Cedotal ruling <u>supra</u>,

complete diversity is lacking as to the sinkhole claims because Miller Engineers is a defendant. Moreover, Texas Brine has acknowledged that Savoie Land Holdings, LLC also destroys complete diversity in the LaBarre case. (Rec. Doc. 78). The LaBarre case is not a putative class action so subject matter jurisdiction under CAFA does not apply to the LaBarre complaint. The motion to remand the LaBarre case is therefore GRANTED and the LaBarre case is REMANDED to the state court from which it was removed for lack of subject matter jurisdiction.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 16)** filed by plaintiffs Betty Cedotal, Trinity Guillot individually and on behalf of Slade Guillot, and Charlotte Hebert is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion to Remand (Rec. Doc. 63)** filed by plaintiffs Gustave J. LaBarre, Jr., et al. is **GRANTED**. The LaBarre case is **REMANDED** to the state court from which it was removed for lack of subject matter jurisdiction;

**IT IS FURTHER ORDERED** that the **Motion for Preliminary Hearing (Rec. Doc. 59)** filed by Adams Resources is **DENIED AS MOOT**.

February 21, 2013

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　JAY C. ZAINEY
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE